IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

TIMOTHY WAYNE GULLETT,           )
                                 )
       Plaintiff,                )
                                 )
v.                               )        CIVIL ACTION NO. 2:11-0081-KD-N
                                 )
ROGER GOODMAN, et al.,           )
                                 )
       Defendants.               )

<u>REPORT AND RECOMMENDATION</u>

This matter is before the Court on the defendants' Motion to Dismiss (doc. 17), plaintiff's response in opposition (doc. 21) and defendant's reply (doc. 23).[1]  This action was referred to the undersigned for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(c)(4).

Plaintiff filed this Section 1983 action against defendants Roger Goodman and David Brown on February 16, 2011. (Doc. 1)  On the same date plaintiff filed a second Section 1983 suit against defendants Goodman and Brown as well as other defendants, styled <u>Gullett v. Goodman, et., al</u>, Civil Action Number 11-82-KD-M.   The claims against Goodman and Brown appear to overlap in the two cases.

On April 19, 2012 defendants Goodman and Brown moved the Court, pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss this action.  (Doc. 17) Defendants base their motion, in sum, on the entry of an order and judgment granting defendants' Motion for Summary Judgment and dismissing plaintiff's parallel case, 11-82-KD-M.  Since the filing of the Motion to Dismiss in

---

[1]  Plaintiff also sent the court two letters (docs. 22, 24) which the undersigned has considered and construes as supplemental responses to the motion to dismiss.

this action, plaintiff filed a Motion to Reconsider (doc. 37) in the related case, which the court construed as an untimely objection to the Report and Recommendation, rejected the objections, and entered an order and judgment dismissing the action with prejudice (*See* docs. 38, 39).

In the parallel action (11-82-KD-M), plaintiff sued several defendants including defendants Goodman and Brown.  The complaint included several claims, including plaintiff's claim raised in this action that defendants failed to provide him with additional physical therapy for injuries to his hand resulting from an attack by fellow inmates.  Thus, the instant action makes the same claim against two of the same defendants as were previously dismissed in the parallel action.

Defendants Goodman and Brown argue, in sum, that this action is due to be dismissed based on the doctrines of claim and issue preclusion.  (Doc.  17)  Upon consideration of the filings and applicable law, the undersigned concurs.

"[W]hen a party that has had a full and fair opportunity to litigate an issue and has lost on that issue, it may not relitigate that issue in a later case."  Aspex Eyewear, Inc. v. Marchon Eyewear, Inc., 672 F.3d 1335, 1343-44 (Fed. Cir. 2012)

> Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim.

New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001); *see also* Community State Bank. v. Strong, 651 F.3d 1241, 1263-64 (11th Cir. 2011).

Nothing in plaintiff's Response or the two letters provides any reasoned basis for finding that plaintiff's claims in this case are not governed by the ruling on the identical claims made in

the parallel proceedings.[2] Accordingly, it is hereby RECOMMENDED that the defendants' Motion to Dismiss be GRANTED and that this action be DISMISSED with prejudice on the basis of issue preclusion and claim preclusion.

   *See* Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.

   DONE this the 6th day of August, 2012.


                                        /s/  Katherine P. Nelson
                                        **KATHERINE P. NELSON**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

   [2]  Plaintiff's responses state, in sum, that defendant's factual allegations concerning the merits of his claims are false.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson